LEOPOLD BLUM, an Infant, by FANNIE BLUM, his Guardian ad Litem, Appellant, v. METROPOLITAN STREET RAILWAY COMPANY, Respondent.

*Negligence — rear-end collision of a street car with a covered wagon driving upon the track — the questions of negligence and contributory negligence are for the jury.*

In an action brought to recover damages for personal injuries sustained by the plaintiff, in consequence of the alleged negligence of the defendant, which operated a double-track street railway on Eighth avenue in the city of New York, the evidence tended to show that on the day of the accident the plaintiff, a boy fifteen years of age, was driving a covered wagon northerly along Eighth avenue east of the defendant's tracks; that, owing to the presence of some trucks which were proceeding southerly along the east side of Eighth avenue, he drove upon the defendant's north-bound track; that, after he had been driving upon that track about three or four minutes one of the defendant's north-bound cars approached from the rear and collided with the wagon, throwing it upon the south-bound track, where it was struck by a south-bound car and the plaintiff was injured. The evidence also tended to show that the north-bound car gave no signal of its approach; that it was running fast, and that, when the plaintiff turned upon the north-bound track, the car was fifty or sixty feet away.

*Held*, that the questions of the defendant's negligence and of the plaintiff's freedom from contributory negligence should have been submitted to the jury, and that it was error for the court to dismiss the complaint.

APPEAL by the plaintiff, Leopold Blum, an infant, by Fannie Blum, his guardian ad litem, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk

of the county of New York on the 20th day of February, 1901, upon the dismissal of the complaint by direction of the court at the close of the plaintiff's evidence after a trial at the New York Trial Term.

*Leopold W. Harburger,* for the appellant.

*Arthur Ofner,* for the respondent.

INGRAHAM, J.:

The complaint was dismissed at the close of the plaintiff's testimony, and the only question presented is whether there was evidence to require the submission of the case to the jury.   The plaintiff, a boy fifteen years of age, was on the 31st of May, 1900, driving a covered wagon for the firm of Blum Brothers, butchers, whose place of business was at Ninety-seventh street and Columbus avenue.   He testified that he started from his employer's place of business, went down Ninety-seventh street to Eighth avenue and turned into Eighth avenue east of the railroad tracks going uptown; that in consequence of some trucks coming down on the east side of Eighth avenue he turned upon the north-bound track of the defendant's road; that he was driving upon that track about three or four minutes when one of the defendant's uptown cars collided with the wagon he was driving, throwing the wagon over upon the west track, when it was run into by a south-bound car, and the plaintiff was thrown from the wagon and injured; that there was no warning of any kind from the north-bound car, and the first he knew of the presence of the car was when the collision occurred; that the wagon that the plaintiff was driving was, at the time of the collision, between One Hundred and Seventh and One Hundred and Eighth streets, and that he was at One Hundred and Seventh street when he turned upon the north-bound track, and before he got to the middle of the block between One Hundred and Seventh and One Hundred and Eighth streets the car struck the wagon.   The plaintiff was corroborated by several witnesses who saw the accident. One witness testified that he saw the wagon driven by the plaintiff getting out of the way of a lot of trucks going downtown by crossing upon the car tracks twenty or twenty-five feet north of One Hundred and Seventh street; that the wagon had almost got upon the

north-bound track when the car coming up behind struck it and threw the rear of the wagon over in front of the south-bound car; and that the car came right ahead without any sign or warning and ran into the wagon.  Another witness testified to substantially the same facts, and that the north-bound car was going faster than cars usually run, being upon a down grade; that he heard no warning of any kind from the car, and that the distance between the car and the wagon when his attention was first called to the car was fifty or sixty feet.

This was clearly a case for the jury.  The fact that trucks and wagons were proceeding downtown to the east of the railroad tracks compelled the plaintiff to turn upon the car tracks to avoid them, and if when he turned upon the track, the north-bound car was fifty or sixty feet away, unless there was some condition that interfered with the motorman's stopping or slowing up the car so as to avoid a collision, the jury would have been justified in finding that the motorman was negligent.

The question as to the contributory negligence of the plaintiff was also a question for the jury.  There is no evidence that he looked for the car, but he was compelled to turn upon the tracks to avoid the approaching trucks on the east of the track; and it was not negligence for him to turn upon the track if the car was such a distance from him that by the exercise of proper care by the motorman the car would have been stopped before the collision occurred. Certainly, if, as he testified, he was driving upon this track for three or four minutes before the collision, there could have been no difficulty in stopping the car in time to avoid the accident.  But assuming that the witness exaggerated, as he probably did, as to the time he was upon the track, there was nothing to justify the court in holding that the plaintiff was negligent, as a matter of law.  It was for the jury to say whether the collision occurred because plaintiff did not look for the car before turning upon the track.  While a person driving a truck upon the streets of New York is not justified in driving in front of the cars unnecessarily and thus blocking the road, wagons using the streets are not excluded from the use of the tracks; and when cars run upon these street railroads as frequently as they do, it is not negligent as a matter of law for a person to drive upon the tracks when a car is in sight.

Upon the plaintiff's testimony, I think the questions of negligence were for the jury.

It follows that the judgment appealed from should be reversed and a new trial ordered, with costs to the appellant to abide the event.

VAN BRUNT, P. J., PATTERSON, HATCH and LAUGHLIN, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.